# United States Court of Appeals for the Federal Circuit

---

**DISC DISEASE SOLUTIONS INC.,**
*Plaintiff-Appellant*

**v.**

**VGH SOLUTIONS, INC., DR-HO'S, INC., HOI MING MICHAEL HO,**
*Defendants-Appellees*

---

2017-1483

---

Appeal from the United States District Court for the Middle District of Georgia in No. 1:15-cv-00188-LJA.

---

Decided: May 1, 2018

---

CHRISTOPHER NACE, Paulson & Nace PLLC, Washington, DC, argued for plaintiff-appellant.

MEAGHAN KENT, Venable LLP, Washington, DC, argued for defendants-appellees. Also represented by STEVEN JAMES SCHWARZ, CLAIRE MARIE WHEELER.

---

Before REYNA, WALLACH, and STOLL, *Circuit Judges.*

REYNA, *Circuit Judge.*

Disc Disease Solutions Inc. appeals an order from the United States District Court for the Middle District of Georgia that dismissed with prejudice its complaint for failure to state a claim and denied its request to file a first amended complaint. The district court erred when it dismissed the complaint for failure to state a claim. We reverse the district court's grant of the motion to dismiss and remand for further proceedings.

BACKGROUND

This appeal involves U.S. Patent No. 8,012,113 ("'113 patent"), entitled "Spinal Brace," and U.S. Patent No. 7,618,509 ("'509 patent"), entitled "Wrinkled Band Without Air Expansion Tube and its Manufacturing Method." The '113 patent is directed to an air injectable band with a rigid panel worn around the waist. When the band is inflated it expands vertically to provide traction to the spine of the user to relieve back pain. The '113 patent consists of three independent claims. Claim 1 recites:

1. A spinal brace comprising:

a flexible air injectable band configured to be disposed about a torso of a user and to provide traction to a spine of the user;

a support panel configured to provide support by compression to at least a region of said torso, said support panel being less flexible than said air injectable band; and

means of associating said support panel with said flexible air injectable band;

wherein the air injectable band is configured to expand in an axis generally parallel to the spine when inflated so as to apply a force at a rib area of the user via an upper edge and a force at a hip area via a lower edge to provide said traction com-

prising a decompression of vertebrae within the spinal column of the user; and

wherein said means of associating comprise two association openings formed through the support panel, one association opening disposed at each of substantially opposite ends of said support panel, the air injectable band extending through the association openings, wherein the association openings traverse across the support panel in a direction generally parallel to the spine and wherein said association openings have a dimension in said direction that is greater than a corresponding dimension of the flexible air injectable band.

'113 patent, col. 5 ll. 12–36.

The '509 patent is directed to a method of manufacturing a wrinkled band by adhering an overlapped sheet creating an inner space and adhering a stretched elastic band above and below the inner space. The '509 patent consists of one independent claim, which recites:

1. A method of manufacturing a wrinkled band, wherein the outer peripheral rim of an overlapped adhesion sheet is adhered and simultaneously an adhesion line having an air passage is formed with certain regularity in the inner side face thereof, another adhesion line forms a respective vent hole and secures an inner space in-between, and above and below the secured inner space a connection adhesion band **5** with an elastic band **6** connected thereto is adhered by an outer peripheral line, with the elastic band being stretched.

'509 patent, col. 4 ll. 59–67.

Appellees, VGH Solutions, Inc., Dr-Ho's, Inc., and Dr. Hoi Ming Michael Ho (collectively "VGH Solutions")

manufacture and sell three inflatable spinal brace products: DBB 3500, 2-in-1 Back Relief Belt, and DBB 3000.

On November 30, 2015, Disc Disease Solutions Inc. ("Disc Disease") filed a complaint for patent infringement alleging that VGH Solutions' products infringe the '113 and '509 patents. The complaint specifically identified VGH Solutions' products and alleged that the products meet "each and every element of at least one claim of the '113 [or '509] Patent, either literally or equivalently." J.A. 54–55. Disc Disease attached to the complaint the asserted patents and photographs of the accused products.

The following day, on December 1, 2015, amendments to the Federal Rules of Civil Procedure took effect, abrogating Rule 84 and Form 18. Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (U.S. Apr. 29, 2015).[1] The Supreme Court's abrogation order states that the amendments "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." *Id.* Rule 84 provided that "[t]he Forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84 (2007) (abrogated, eff. Dec. 1, 2015). Form 18 in the Appendix of Forms provided a form adequate to plead a direct infringement patent claim. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).

On March 31, 2016, VGH Solutions filed a motion to dismiss Disc Disease's complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). On No-

---

[1] The order can be found at https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

vember 2, 2016, the district court granted VGH Solutions' 12(b)(6) motion to dismiss with prejudice.[2] The district court concluded that the December 1, 2015 abrogation of Rule 84 and Form 18 applied to Disc Disease's complaint and that the *"Iqbal/Twombly"* standard articulated by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), now applied. *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, No. 1:15-CV-188 (LJA), 2016 WL 6561566, at *2 (M.D. Ga. Nov. 2, 2016). The district court reasoned that the complaint did not satisfy the *Iqbal/Twombly* plausibility pleading standard and entered final judgment against Disc Disease.

On November 16, 2016, Disc Disease filed a motion for reconsideration on the basis that the abrogation of Form 18 constituted an intervening change in law. For relief, Disc Disease requested that the district court allow it to file a first amended complaint. Disc Disease attached to its motion for reconsideration an amended complaint that included a detailed infringement analysis. Subsequently, Disc Disease filed a timely Rule 59(e) motion requesting that the district court alter or amend its judgment to allow Disc Disease to file a first amended complaint.

On December 12, 2016, the district court denied Disc Disease's motion for reconsideration and motion to alter or amend the judgment. The district court concluded that the fact that the abrogation of Form 18 took effect one day after the complaint was filed, does not constitute grounds

---

[2] The district court's Rule 12(b)(6) dismissal order was unclear whether the dismissal was with prejudice. The district court later clarified that the dismissal was with prejudice in its order denying Disc Disease's motion for reconsideration and motion to alter or amend the judgment. *Disc Disease Sols., Inc. v. VGH Sols., Inc.*, No. 1:15-CV-188 (LJA), 2016 WL 9240616, at *2 (M.D. Ga. Dec. 12, 2016).

for reconsideration as an intervening change in law. *Disc Disease*, 2016 WL 9240616, at *1. The district court held that its dismissal with prejudice without allowing Disc Disease to amend its complaint did not create a manifest injustice sufficient to warrant reconsideration. *Id.* at *3. The district court explained that because Disc Disease requested leave to amend in a footnote in its opposition to VGH Solutions' motion to dismiss, instead of in a separate motion compliant with the local rules and governing precedent, the district court had discretion to deny the request *sub silentio*. *Id.* at *2. Relying on *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542–43 (11th Cir. 2002) (en banc), the district court reasoned that it "is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." *Disc Disease*, 2016 WL 9240616, at *2 (quoting *Wagner*, 314 F.3d at 542).

Disc Disease appeals. We have jurisdiction under 28 U.S.C. § 1295(a).

## DISCUSSION

We review procedural issues, including the grant of a motion to dismiss, according to the law of the respective regional circuit, in this case the Eleventh Circuit. *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1359 (Fed. Cir. 2017). In the Eleventh Circuit, a district court's dismissal for failure to state a claim is reviewed *de novo*. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Disc Disease argues that the district court improperly applied the *Iqbal/Twombly* pleading standard because Form 18 was in effect on the date the original complaint

was filed.[3]  Disc Disease contends that *Iqbal/Twombly* is a "heightened" pleading standard compared to the requirements of Form 18, and that its complaint was sufficient to comply with Form 18.

Under *Iqbal/Twombly*, Disc Disease was required to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  This plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

The district court determined that Disc Disease failed to "explain how Defendants' products infringe on any of Plaintiff's claims" because it "merely alleges that certain of Defendants' products 'meet each and every element of at least one claim' of Plaintiff's patents." *Disc Disease*, 2016 WL 6561566, at *3.  We disagree.  Disc Disease's

---

[3]  We do not address the question of whether the Form 18 or the *Iqbal/Twombly* pleading standard applies in this case as we conclude that Disc Disease's claims of patent infringement were sufficiently pleaded under the latter.  *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377 (Fed. Cir. 2017) ("The parties assume that there is a difference between the requirements of Form 18 and *Iqbal/Twombly*; however, we have never recognized such a distinction.  In any event, we need not resolve the question whether there is a difference between the two standards here because, as we explain, the [complaint] met the *Iqbal/Twombly* standard." (citation omitted).

allegations are sufficient under the plausibility standard of *Iqbal/Twombly*. This case involves a simple technology. The asserted patents, which were attached to the complaint, consist of only four independent claims. The complaint specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet "each and every element of at least one claim of the '113 [or '509] Patent, either literally or equivalently." J.A. 54–55. These disclosures and allegations are enough to provide VGH Solutions fair notice of infringement of the asserted patents. The district court, therefore, erred in dismissing Disc Disease's complaint for failure to state a claim.

## CONCLUSION

We reverse the district court's dismissal under Rule 12(b)(6) and remand for further proceedings consistent with this opinion. Accordingly, we do not reach the remaining issues raised by the parties.

## REVERSED AND REMANDED

### COSTS

No costs.