NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**WILCO MARSH BUGGIES AND DRAGLINES, INC.,**
*Plaintiff-Appellant*

**v.**

**WEEKS MARINE, INC.,**
*Defendant-Appellee*

———————————

2023-2320

———————————

Appeal from the United States District Court for the Eastern District of Louisiana in No. 2:20-cv-03135-CJB-JVM, Judge Carl J. Barbier.

———————————

Decided: August 19, 2025

———————————

MEREDITH LEIGH MARTIN ADDY, AddyHart P.C., Atlanta, GA, argued for plaintiff-appellant. Also represented by THOMAS S. KEATY, Keaty Law Firm LLC, New Orleans, LA; STEPHEN M. KEPPER, GREGORY D. LATHAM, Intellectual Property Consulting, LLC, New Orleans, LA.

MICHAEL K. LEACHMAN, Jones Walker LLP, Baton Rouge, LA, argued for defendant-appellee. Also represented by ROBERT WADDELL, Lafayette, LA.

———————————

Before DYK and CUNNINGHAM, *Circuit Judges*, and HALL, *District Judge*.[1]

HALL, *District Judge.*

Wilco Marsh Buggies and Draglines, Inc. ("Wilco") sued Weeks Marine, Inc. ("Weeks") in the Eastern District of Louisiana, alleging infringement of U.S. Patent No. 6,918,801 ("'801 patent"). The district court granted summary judgment that the asserted claims of the '801 patent are invalid as anticipated under 35 U.S.C. § 102. We affirm.

## BACKGROUND

The '801 patent is directed to a self-propelled amphibious vehicle for use in amphibious excavation or dredging operations. '801 patent, col. 1 ll. 14–18, col. 2 ll. 16–18. Independent claim 1 recites:

> A vehicle comprising:
>
> a chassis;
>
> at least two pontoons supported by said chassis, wherein said pontoons provide sufficient buoyancy such that the vehicle can float on water;
>
> a track system disposed on said pontoons and adapted to provide propulsion to the vehicle when moving on land or in water;
>
> a plurality of spuds connected to said chassis, wherein said spuds have a first position wherein said spuds extend below the bottom

---

[1]    Honorable Jennifer L. Hall, District Judge, United States District Court for the District of Delaware, sitting by designation.

> of said pontoons and a second position wherein said spuds do not extend below the bottom of said pontoons.

*Id.* at col. 5 l. 60–col. 6 l. 5.

Wilco sued Weeks in the United States District Court for the Eastern District of Louisiana, alleging that Weeks' "Amphibious Excavators" infringed several claims of the '801 patent. Weeks moved for summary judgment, arguing (among other things) that the asserted claims are invalid as anticipated by a prior art amphibious excavator called the MudMaster, manufactured by non-party DredgeMasters International Inc. ("DMI"). The district court, on reconsideration, agreed with Weeks and granted summary judgment that, as relevant here, asserted claims 1–5 and 9–15 of the '801 patent are invalid as anticipated by the MudMaster. *Wilco Marsh Buggies and Draglines, Inc. v. Weeks Marine, Inc.*, No. 20-3135, 2023 WL 4624744, at *4–5 (E.D. La. July 19, 2023); *see also* J.A. 10–13.

Wilco appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a grant of summary judgment under the law of the regional circuit, here, the Fifth Circuit. *Click-to-Call Techs. LP v. Ingenio, Inc.*, 45 F.4th 1363, 1367 (Fed. Cir. 2022). The Fifth Circuit reviews a district court's grant of summary judgment *de novo*. *Id.* Summary judgment is appropriate where no reasonable jury could return a verdict for the nonmoving party. *Id.* "Although anticipation under 35 U.S.C. § 102 is a question of fact, it may be decided on summary judgment if the record reveals no genuine dispute of material fact." *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1321 (Fed. Cir. 2008) (citing *Gen. Elec. Co. v. Nintendo Co.*, 179 F.3d 1350, 1353 (Fed. Cir. 1999)).

Weeks requested summary judgment on the basis that the asserted claims were anticipated both by a "public use" of the MudMaster at the 1981 ConExpo trade show in Houston, Texas, and by "sales" of the MudMaster in 1980 and 1993. *See* 35 U.S.C. § 102[2] (pre-AIA) ("A person shall be entitled to a patent unless — . . . (b) the invention was . . . in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."). A prior art product can only anticipate a patent claim if it contains each and every limitation of the claim. *See Scaltech Inc. v. Retec/Tetra, L.L.C.*, 178 F.3d 1378, 1383 (Fed. Cir. 1999) ("[T]he first determination in the § 102(b) analysis must be whether the subject of the barring activity met each of the limitations of the claim."). That a prior art product "is in fact the claimed invention may be established by any relevant evidence, such as memoranda, drawings, correspondence, and testimony of witnesses." *Sonoscan, Inc. v. Sonotek, Inc.*, 936 F.2d 1261, 1263 (Fed. Cir. 1991) (citation omitted).

On appeal, Wilco argues that summary judgment of anticipation of the asserted claims was inappropriate because there is a dispute of material fact as to whether the particular MudMaster machines demonstrated at the ConExpo trade show in 1981 and sold in 1980 had the required "chassis."[3] We need not reach Wilco's arguments concerning the 1980 sale, however, because we conclude that the 1993

---

[2]    Because the claims at issue have an effective filing date prior to March 16, 2013, the effective date of the applicable provisions of the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) ("AIA"), the pre-AIA version of 35 U.S.C. § 102 applies.

[3]    Claims 9–11 do not expressly require a "chassis," but Wilco presents no independent argument on appeal regarding the validity of those claims in view of the MudMaster.

MudMaster sale meets the limitation. *King Pharms., Inc. v. Eon Labs, Inc.*, 616 F.3d 1267, 1278 (Fed. Cir. 2010) ("[A]n appellate court . . . is not limited to a district court's stated reasons for invalidating claims and can affirm a grant of summary judgment on any ground supported by the record and adequately raised below.").

The district court adopted Wilco's proposed construction of "chassis," construing the term as "[t]he supporting frame of a vehicle, exclusive of the body or housing." J.A. 1309–12. The record evidence presented to the district court—which included assembly instructions for the MudMaster sold in 1993 and fact and expert witness testimony—unequivocally established that the MudMaster machine sold in 1993 had a "chassis" in the form of two 16-foot-long connector pipes extending through the trunnion support frame and pontoons. No reasonable juror could find otherwise.

Wilco points to the testimony of its expert witness, Mr. Bennett, to try to demonstrate a dispute of material fact. Mr. Bennett opined that the 1993 MudMaster "ladder frame" was not a chassis, and he stated, in a conclusory fashion, that the MudMaster otherwise lacked a chassis. But a conclusory expert opinion cannot create a genuine dispute of material fact, *Regents of Univ. of Minn. v. AGA Med. Corp.*, 717 F.3d 929, 941 (Fed. Cir. 2013), and the remaining uncontroverted evidence of record demonstrated that the MudMaster's 16-foot-long connector pipes (not the "ladder frame") formed a chassis.[4]

---

[4]    In any event, Mr. Bennett acknowledged in his deposition that "there must be something there [in the MudMaster] to support [the pontoons]." J.A. 2753. When asked for examples of what type of structure could be supporting pontoons, Mr. Bennett explained that "[y]ou could

Wilco does not argue on appeal that the MudMaster machine sold in 1993 lacked any other limitations of the asserted claims. To the extent Wilco contends that Weeks forfeited the argument that the 1993 MudMaster sale was an invalidating sale, we also disagree. In its motion for reconsideration of the court's summary judgment order, Weeks argued that the 1993 MudMaster barred the '801 patent claims under the on-sale bar. J.A. 2843-45. Wilco does not dispute that it did not object to Weeks' argument before the district court, Oral Arg. at 1:25-2:02, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-2320_06052025.mp3; J.A. 3062-88, and it has thus forfeited its argument. *See In re Google Tech Holdings LLC,* 980 F.3d 858, 838 (Fed. Cir. 2020) ("We have regularly stated and applied the important principle that a position not presented in the tribunal under review will not be considered on appeal in the absence of exceptional circumstances."); *Calzone v. Summers,* 942 F.3d 415, 422 (8th Cir. 2019) (compiling cases on forfeiture or waiver of forfeiture).

Because we agree with the district court that the 1993 MudMaster possessed a chassis, and thus anticipates the asserted claims, we do not address the parties' arguments relating to other asserted prior art.

---

have decks. You could have beams. But in general you have to have a frame of some kind." J.A. 2754. Then, when asked about "amphibious vehicles that use beams to support the pontoons," Mr. Bennett conceded that such beams are considered "[a] part of the frame that is a chassis" and that the "beams are a portion of the chassis." J.A. 2756. If anything, Mr. Bennett's testimony supports our conclusion that no reasonable jury could find that the MudMaster lacked a chassis (as that term was construed by the district court).

WILCO MARSH BUGGIES AND DRAGLINES, INC. v.                          7
WEEKS MARINE, INC.

## CONCLUSION

We have considered Wilco's remaining arguments and find them unpersuasive. For the reasons stated, the judgment of the district court is affirmed.

**AFFIRMED**