NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**COOPERATIVE ENTERTAINMENT, INC.,**
*Plaintiff-Appellant*

**v.**

**KOLLECTIVE TECHNOLOGY, INC.,**
*Defendant-Appellee*

---

2024-1550

---

Appeal from the United States District Court for the Northern District of California in No. 5:20-cv-07273-EJD, Judge Edward J. Davila.

---

Decided: December 16, 2025

---

WILLIAM PETERSON RAMEY, III, Ramey LLP, Houston, TX, argued for plaintiff-appellant.

MICHAEL S. DOWLER, Park, Vaughan, Fleming & Dowler LLP, Houston, TX, argued for defendant-appellee.

---

Before MOORE, *Chief Judge*, STARK, *Circuit Judge*, and
OETKEN, *District Judge*.[1]

STARK, *Circuit Judge*.

Cooperative Entertainment, Inc. ("Cooperative") appeals from the district court's dismissal of its patent infringement suit against Kollective Technology, Inc. ("Kollective") for failure to state a claim. We affirm.

I

This case was before us previously. In 2022, we reversed the district court's judgment dismissing Cooperative's suit on the basis that the claims of the asserted patent, U.S. Patent No. 9,432,452 ("'452 patent"), are directed to nonpatentable subject matter under 35 U.S.C. § 101. *See Cooperative Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 131 (Fed. Cir. 2022) ("*Cooperative I*"). In *Cooperative I*, we described the '452 patent, which is entitled "Systems and Methods for Dynamic Networked Peer-to-Peer Content Distribution," as "relat[ing] to systems and methods of structuring a peer-to-peer (P2P) dynamic network for distributing large files, namely videos and video games." *Id.* at 129. We continued:

> In prior art systems, video streaming was controlled by content distribution networks (CDNs), where content was "distributed directly from the CDN server originating the content." ['452 pat.] at 3:35-36, 9:50-52. The '452 patent, in contrast, claims methods and systems for a network in which content distribution occurs "*outside* controlled networks and/or [CDNs]," i.e., outside a "static network of controlled systems." *Id.* at 3:40-43

---

[1] The Honorable J. Paul Oetken, District Judge, United States District Court for the Southern District of New York, sitting by designation.

(emphasis added), 3:57-58, 5:38-42. It does this with dynamic P2P networks comprising "peer nodes," i.e., nodes consuming the same content contemporaneously, that transmit content directly to each other instead of receiving content from the CDN. *Id.* at 3:55-64, 4:52-60, 5:4-10, 6:40-43, 7:43-46.

To facilitate content distribution, the claimed P2P networks use "content segmentation" in which a video file, for example, is segmented into smaller clips and distributed piecemeal. As a result, viewers can obtain individual segments as needed, preferably from other viewers. *Id.* at 8:10-12, Figs. 2-9. Content is segmented using several techniques, including "CDN address resolution, *trace route to CDN and the P2P server manager*, dynamic feedback from peers reporting traffic rates between individual peer and its neighbors, round-robin, other server side scheduling/resource allocation techniques, and combinations thereof." *Id.* at 5:51-56 (emphasis added).

50 F.4th at 129.

Among our holdings in *Cooperative I* was that "[t]here are at least two alleged inventive concepts in claim 1" of the '452 patent, one of which is the "*require[ment]*" that "*trace routes be used in content segmentation.*" *Id.* at 131 (emphasis added); *see also id.* at 134 ("Claim 1 requires the content segmentation to be based on trace route.") (internal quotation marks and ellipses omitted). After reversing on that basis (and others), we remanded to the district court for further proceedings.

On remand, Kollective moved to dismiss Cooperative's first amended complaint ("FAC"), this time for failure to state a claim of infringement. The district court granted the motion and dismissed the FAC, as it failed to plausibly allege that Kollective's SD ECDN (the "Accused Product")

infringed independent claims 1 and 5 of the '452 patent. This dismissal was without prejudice, so Cooperative soon filed a second amended complaint ("SAC").

The SAC expressly acknowledged that "[t]he '452 patent claims all require segmenting the digital content according to the trace routes." J.A. 819-20. The SAC's only non-conclusory allegation that Kollective's Accused Product satisfied this trace route limitation was that it "[u]tiliz[es] pings and traceroutes [to] gather key information about the surrounding network by monitoring the location of other [mesh] agents and constantly gauging how local area links are performing." J.A. 823-24, 830.

Kollective moved to dismiss the SAC under Rule 12(b)(6), and the district court granted the motion. It found that the SAC "fails to allege facts showing that the Accused Product segments content based on a trace route, and instead includes facts that contradict its own infringement theory." J.A. 10. The court added: "absent from [the SAC] is any allegation that, or explanation how, the Accused Product segments content based on a trace route, no less any facts to support that allegation." J.A. 8-9. This time the court's dismissal was with prejudice, "[g]iven that [Cooperative] was unable to cure the deficiencies [previously] identified in the Court's [prior] Order [dismissing the FAC], [and] that further amendment would be futile." J.A. 10.

Cooperative timely appealed. The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We review a district court's dismissal of a complaint for failure to state a claim under the law of the applicable regional circuit. *See Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1356 (Fed. Cir. 2023). The Ninth Circuit reviews the grant of a motion to dismiss de novo,

accepting as true all plausible factual allegations and construing any reasonable inferences in favor of the plaintiff. *See Pyankovska v. Abid*, 65 F.4th 1067, 1074 (9th Cir. 2023). "[A] district court's decision dismissing a complaint with prejudice, which thereby denies the plaintiff an opportunity to amend her complaint, is reviewed for abuse of discretion." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018); *see also Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141-42 (9th Cir. 2021).

"A plaintiff is not required to plead [patent] infringement on an element-by-element basis." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). Instead, it is enough that a complaint places the alleged infringer on notice of what activity is being accused of infringement. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Still, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353.

## III

Cooperative argues that the district court erred in concluding that the SAC fails to plausibly allege infringement. In particular, Cooperative now asserts that the '452 patent's "claims are directed to segmenting peer networks, not data or video files." Open. Br. at 9; *see also id.* at 8 ("[S]egmentation of data by traceroute is not what is claimed. Rather, it is the segmentation of the peers for content distribution that is claimed."). Cooperative's position in this appeal represents a marked departure from the position it has advocated at every prior stage of this proceeding. While Cooperative has always previously insisted that the '452 patent's claims require the use of trace routes to segment *content*, Cooperative now, for the first time, argues that "[t]he content segmentation claimed is the *segmentation of the peer nodes* containing content." *Id.* at 13 (emphasis added); *see also id.* at 18 ("The claims of the '452

patent have nothing to do with segmenting video or other data files. . . . The unconventional segmentation of the peers containing content . . . by trace route is the claimed invention."). Cooperative then adds that the SAC adequately pleads that Kollective's Accused Product uses trace routes to segment P2P networks. According to Cooperative, that apparently satisfies the trace route limitation, even though the SAC "never alleges using trace routes to segment [content such as] video or other data files." *Id.* at 13.

The problems with Cooperative's appellate arguments are almost too numerous to count. They begin with Cooperative's characterization of its claims, which is newly minted on appeal and contradicts what Cooperative itself previously persuaded this court its claims mean. Cooperative's arguments to us also conflict with its allegations in the SAC and the intrinsic patent evidence. The district court did not err by dismissing the SAC or abuse its discretion by refusing to allow yet another opportunity to amend.

## A

"[C]ourts of appeals generally should not consider issues not decided below." *Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (en banc). As we explained nearly thirty years ago:

This is an appellate court. By and large, it is our place to review judicial decisions . . . reached by trial courts. No matter how independent an appellate court's review of an issue may be, it is still no more than that – a review. With a few notable exceptions, such as some jurisdictional matters, *appellate courts do not consider a party's new theories, lodged first on appeal.* If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court. In short, this court does not "review" that which was not presented to the district court.

*Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426
(Fed. Cir. 1997) (emphasis added).

These principles of appellate litigation are so well set-
tled, and usually so well understood, that we rarely see
them violated as flagrantly as Cooperative has done so
here. Cooperative's briefs emphasize its newfound view
that the trace route limitation of claims 1 and 5 pertain to
segmenting *networks* or *peer nodes*, rather than segment-
ing *content*. However, as even Cooperative was forced to
concede, it never presented this theory to the district court.
*See* Oral Arg. at 13:00-15 ("To that extent, yes, Your Honor,
then they are new arguments.").[2]

To the contrary, on remand after *Cooperative I*, Coop-
erative alleged in its SAC – just as it had in its earlier com-
plaints and first appeal – that "[t]he '452 patent claims all
require segmenting the digital content according to the
trace routes." J.A. 819-20; J.A. 192. Nowhere does the SAC
allege that the claims instead require segmenting the net-
works using trace routes.

Cooperative attempts to defend itself by urging us to
view its newly crafted theory as "still consistent with" what
it argued to the district court. Oral Arg. at 13:00-15. Even
if this were true (and it is not, as we explain below, *see infra*
III.B), "the general rule that new arguments will not be de-
cided in the first instance on appeal" is not limited to argu-
ments that are inconsistent with those that were made to
the trial court. *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527
F.3d 1318, 1323 (Fed. Cir. 2008); *see also Sage Prods.*, 126
F.3d at 1426.

"Issues not properly raised before the district court are
waived on appeal." *Stauffer v. Brooks Bros. Grp.*, 758 F.3d

---

[2] Oral argument recording available at
https://www.cafc.uscourts.gov/oral-arguments/24-
1550_12032025.mp3.

1314, 1322 (Fed. Cir. 2014). Cooperative did not present to the district court its contention that the trace route limitation requires use of trace routes to segment networks. Therefore, this argument is waived. Thus, we must affirm.

B

In addition to being waived, Cooperative's new characterization of the trace route limitation contradicts the position it advocated previously, and successfully, in prior proceedings in this same case. Whereas in *Cooperative I*, Cooperative succeeded in persuading us that the trace route limitation required the use of trace routes to segment content, now it seeks to persuade us instead that trace routes do not need to be used to segment content. Cooperative is estopped from pressing this latter position.

As we observed in *Cooperative I*, "Cooperative asserted below [in the FAC] and on appeal that '[t]he '452 patent claims all require *segmenting* the digital *content* according to the *trace routes*.'" 50 F.4th at 133 (quoting J.A. 192 (FAC ¶ 18)) (emphasis added). We agreed with Cooperative, expressly concluding that "Claim 1 requires the *content segmentation* to be based on *trace route*." *Id.* at 134 (emphasis added; internal quotation marks and ellipses omitted); *see also id.* ("[D]istribution of the content in the system must occur through content segmentation."). Indeed, this was one of the bases on which Cooperative prevailed on appeal.

"Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal quotation marks and brackets omitted). This is the doctrine of judicial estoppel. *Id.*; *see also CRV Enters., Inc. v. United States*, 626 F.3d 1241, 1248 (Fed. Cir. 2010). Cooperative is judicially estopped from arguing that its claims do not require use of trace routes to segment content. Thus, again, we must affirm.

## C

Cooperative's new interpretation of the trace route limitation is also meritless. The claims expressly require that "content segmentation is based on [among other things] trace route." '452 pat. at 10:49-50; *see also id.* at 10:42-45 ("wherein the at least one content delivery server computer is operable to . . . use the trace route to segment requested content"); *id.* at 11:14-16 ("the at least one content delivery server computer segmenting requested content based on . . . trace route").

The prosecution history shows the same. In fact, in the SAC, Cooperative itself unambiguously alleged that "the patentee argued to the U.S. Patent Office . . . that the claims use [trace routes] to further *segment the actual content* being delivered" and that "using trace route to segment requested content" was novel. J.A. 817 (emphasis added); *see also Cooperative I*, 50 F.4th at 135 (pointing to Cooperative's statements in prosecution history pertaining to using trace routes in segmenting content).

The intrinsic evidence, then, confirms what Cooperative has itself argued until this appeal, and what we have held to be the meaning of the trace route limitation: the claims of the '452 patent require the use of trace routes to segment *content*.[3]     Because Cooperative's newfound

---

[3]     We agree with the district court that the SAC fails to adequately allege that Kollective's Accused Product meets the trace route limitation as properly understood, i.e., as requiring the use of trace routes to segment content. The closest the SAC comes is a single allegation for each claim that the Accused Product utilizes trace routes to "gather key information." J.A. 823-24, 830 ("The agents in the mesh are constantly aware of their network surroundings. Utilizing pings and traceroutes, they gather key

characterization of the trace route limitation lacks merit, we must affirm.

## D

Cooperative requests leave to amend to file what would be its fourth complaint in this matter. The district court found that Cooperative's inability to cure previously identified deficiencies made it appropriate not to offer Cooperative another chance to replead, and that any amendment would be futile. Neither of those determinations was an abuse of discretion because, as the Ninth Circuit has often said, futility and the "repeated failure to cure deficiencies by amendments previously allowed" justify denying leave to amend. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."). We therefore affirm the district court's dismissal with prejudice.

## IV

We have considered Cooperative's remaining arguments and find them unpersuasive.[4] Accordingly, for the

---

information about the surrounding network by monitoring the location of other agents and constantly gauging how local area links are performing."). As the district court correctly concluded, the mention of "traceroutes" in this allegation does not relate to "content segmentation" but, instead, to "gather[ing] key information." J.A. 8 (internal quotation marks omitted).

[4] The district court additionally held that Cooperative "pled away from its theory that the Accused Product

COOPERATIVE ENTERTAINMENT, INC. v. KOLLECTIVE            11
TECHNOLOGY, INC.

foregoing reasons, we affirm the judgment of the district court.

## AFFIRMED

### Costs

Costs to Kollective.

---

infringes on the claimed unconventional method of segmenting content based on a trace route," J.A. 9 (citing *Bot M8*, 4 F.4th at 1354), given that the SAC alleged that "Kollective['s] SD ECDN relies on conventional protocols that segment video files," and "segmentation is conventionally used when streaming video files." J.A. 825; *see also* J.A. 817-18. Because we have found the other deficiencies discussed in this Opinion are dispositive of this appeal, we do not assess whether this is yet another fatal failing.